UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony McKeown,   #48042-283 ) | C/A No.   3:09-655-RBH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Henry D. McMaster, Attorney General; ) | |
| John W. McIntosh, Chief Deputy Attorney General; ) | |
| Donald J. Zelenka, Assistant Deputy Attorney General; ) | |
| S. Creighton Waters, Senior Assistant Attorney General; ) | |
| Karen C. Ratigan, Assistant Attorney General; ) | |
| Rodney Wade Richey; ) | |
| Salley W. Elliot, Assistant Attorney General; ) | |
| C. Denton Matthews, Assistant Solicitor; ) | |
| Solicitor Linda Whisenhunt; ) | |
| Skip Goldsmith; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Michael Anthony McKeown (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff currently is incarcerated at the Greenville County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants: Henry McMaster (McMaster), Attorney General, State of South Carolina;  John W. McIntosh (McIntosh), Chief Deputy Attorney General; Donald J. Zelenka (Zelenka), Assistant Deputy Attorney General; S. Creighton Waters (Waters), Senior Assistant Attorney General; Karen C. Ratigan (Ratigan), Assistant Attorney General;  Salley W. Elliot (Elliot), Assistant Attorney General;[2] C. Denton Matthews (Matthews), Assistant Solicitor; Solicitor Linda Whisenhunt

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]Title 28 U.S.C. § 1915A requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

(Whisenhunt); and Skip Goldsmith (Goldsmith) and Rodney Wade Richey (Richey), attorneys who represented Plaintiff in his criminal trial and post conviction relief proceeding. In this complaint, Plaintiff alleges false imprisonment, and deprivation of liberty, due process and equal protection.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v.*

2

*Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

Although Plaintiff has alleged a viable 42 U.S.C. § 1983 action, the named defendants are not amenable to suit. McMaster, as Attorney General for the State of South Carolina, and his deputies and assistants, McIntosh, Zelenka, Waters, Ratigan, and Elliot, are immune from suit under the Eleventh Amendment to the United States Constitution. Additionally, they are entitled to prosecutorial immunity. Matthews and Whisenhunt, Thirteenth Judicial Circuit Solicitors, are entitled to prosecutorial immunity as well. Goldsmith and Richey, attorneys who represented Plaintiff at his criminal trial and post conviction relief proceeding, are not state actors, and therefore, a § 1983 action cannot be maintained against them.

The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina, *Edelman v. Jordan*, 415 U.S. 651 (1974), "arms of the state," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977),

3

including a State agency or department and state officers acting in their official capacity, *Gray v. Laws*, 51 F.3d 426 (4th Cir. 1995). Therefore, Eleventh Amendment immunity is extended to McMaster, McIntosh, Zelenka, Waters, Ratigan and Elliott from a suit for damages.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. In enacting § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989); *Quern v. Jordan*, 440 U. S. 332, 343 (1979); *Coffin v. South Carolina Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983). Although the express language of the Eleventh Amendment only forbids suits by citizens of other States against a State, the Eleventh Amendment bars suits against a State filed by its own citizens. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

Under *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. *See* South Carolina Tort Claims Act, S.C. Code Ann.§ 15-78-20(e) (expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). The Eleventh Amendment cannot be overridden by pendent jurisdiction or any other basis of jurisdiction. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 121.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in

fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. In the case of *Will v. Michigan Dep't of State Police*, 491 U.S. at 67, the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. *Id.* at 58. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities.

Plaintiff makes it clear in his pleadings that his suit is seeking damages against the State of South Carolina. He states verbatim, "[t]his matter is a clear case of liability against the State of South Carolina for violation of Mr. McKeown's State and federal constitutional rights. Mr. McKeown was deprived of Eleven months of his Freedom and Liberty by the state of South Carolina, and was falsely imprisoned." (Compl. at 7.) "[W]hen an action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 6113 (2002).

Additionally, prosecutors are protected by immunity for activities in or connected with judicial proceedings. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reid*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000). In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. The prosecutorial immunity established in *Imbler* extends to post conviction proceedings. *See Houston v. Partee*, 978 F.2d 362, 365 (7th Cir. 1992) (recognizing "substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); *Bruce v. Wade*, 537 F.2d 850 (5th Cir. 1976) (challenges to conviction protected by the immunity doctrine). Therefore, McMaster, McIntosh, Zelenka, Waters, Ratigan, and Elliot are immune from suit for their prosecutorial actions taken in Plaintiff's post conviction relief proceeding.

Likewise, Matthews and Whisenhunt, as solicitors, are immune from suit for actions taken while in the scope of their duty as prosecutors in Plaintiff's criminal proceedings. Plaintiff fails to allege any facts against these defendants, other than to claim that they "are in the wrong" and that Whisenhunt refused to sign a consent order. (Compl. at 9.) Nevertheless, "absolute immunity is afforded prosecutors when acting 'within the advocate's role.'" *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993)).

As to Goldsmith and Richey, attorneys representing Plaintiff at his criminal trial and in his post conviction relief proceeding, Plaintiff has failed to state a claim. In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An

6

attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender).

Because Plaintiff has failed to name a defendant amenable to suit, this case should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(iii), *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519. **Plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

April 2, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).