IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Anthony McKeown, ) | |
| ) | C/A No. 3:09-655-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Henry D. McMaster, Attorney General; ) | |
| John W. McIntosh, Chief Deputy Attorney General; ) | |
| Donald J. Zelenka, Assistant Deputy Attorney General; ) | |
| S. Creighton Waters, Senior Assistant Attorney General; ) | |
| Karen C. Ratigan, Assistant Attorney General; ) | |
| Rodney Wade Richey; ) | |
| Salley W. Elliot, Assistant Attorney General; ) | |
| C. Denton Matthews, Assistant Solicitor; ) | |
| Solicitor Linda Whisenhunt; ) | |
| Skip Goldsmith; ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights arising from an error in his state court criminal sentence which was ultimately corrected through a remand of the case for re-sentencing by a post conviction relief (PCR) judge. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, filed April 2, 2009.

Based on his review of the record, the Magistrate Judge concludes that the plaintiff's action should be dismissed without prejudice and without issuance and service of process on the basis that the Eleventh Amendment bars a suit for damages against individual state actors sued in their official capacities; that the defendant prosecutors' actions are protected by prosecutorial immunity; and that the allegations against court-appointed counsel fail to state a claim under 42 U.S.C. §1983 since they did not act under color of state law.

The plaintiff filed objections on April 22, 2009 in which he indicates that "the following people will be brought in their individual capacities: Karen C. Ratigan, Assistant Attorney General, for allowing Solicitors C. Denton Matthews and Linda Whisenhunt to violate (his) rights, state and federal constitutional rights." He also says that he wishes to also sue "Linda Whisenhunt (Solicitor), C. Denton Matthews (Assistant Solicitor), Skip Goldsmith (trial counsel), Rodney Wade Richey (post conviction relief counsel), each one in their individual capacity. . . These individuals violated (plaintiff's) constitutional rights by sending him to do more time than was permitted accordingly (sic) to the statutes. Therefore making it federal, which should make it possible to be sued in the District Court."[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The plaintiff does not object to the recommendation that the suit against the defendant Solicitors and employees of the Attorney General's Office in their official capacities is barred by the Eleventh Amendment. He simply requests to be allowed to proceed against the various defendants listed in the

---

[1] Plaintiff also filed a document docketed by the Clerk as objections on April 15, 2009 in which he states that he wishes to sue Karen Ratigan of the Attorney General's Office individually and Whisenhunt and Matthews individually.

objections in their individual capacities.[2]

The Report and Recommendation of the Magistrate Judge construed the plaintiff's Complaint as a suit against the State and state officials acting in their official capacities only. The Fourth Circuit Court of Appeals has held that "when a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." Biggs v. Meadows, 66 F.3d 56,61 (4th Cir. 1995). The court further explained that "one factor indicating that suit has been filed in such a manner might be the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom" and also a request for relief such as punitive damages which are not available in an official capacity suit. Id. In the case at bar, the plaintiff's pleadings, construed broadly, may be read to allege a claim against the defendants in their individual capacities. Additionally, the plaintiff has now clarified that he intended to sue them individually. Therefore, the Complaint should be construed as attempting to bring an action against Karen C. Ratigan, Linda Whisenhunt, and C. Denton Matthews individually.

Plaintiff has not contested in his objections the recommended finding that a court-appointed attorney is not a state actor under § 1983 as a matter of law. Therefore, the plaintiff's Section 1983 claims against his attorneys Goldsmith and Richey are dismissed without prejudice. However, he has made certain allegations regarding false imprisonment which could be construed as state common law claims.

The Court has reviewed the Report, pleadings, objections, and applicable law. The Court adopts the Report and Recommendation in part and recommits the case to the Magistrate Judge for further

---

[2] These defendants were already named as parties.

proceedings. The Section 1983 claims against defendants Goldsmith and Richey are dismissed without prejudice, but the case is recommitted for further evaluation as to any state law claims that may be alleged. Defendants Henry D. McMaster, Attorney General; John W. McIntosh, Chief Deputy Attorney General; Donald J. Zelenka, Assistant Deputy Attorney General; S. Creighton Waters, Senior Assistant Attorney General; and Salley W. Elliot, Assistant Attorney General, are dismissed without prejudice and without issuance and service of process, as the plaintiff has not objected to the dismissal of those parties. The action against defendants Ratigan, Whisenhunt, and Matthews in their official capacities is dismissed without prejudice. The Complaint should be construed as attempting to bring suit against Ratigan, Whisenhunt, and Matthews individually. The case is therefore recommitted to the Magistrate Judge to evaluate the case against Ratigan, Whisenhunt, and Matthews individually since this was not addressed in the Report.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

July 14, 2009
Florence, South Carolina