IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Michael Anthony McKeown, | ) | C/A No.: 1:09-655-RBH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Karen C. Ratigan, Rodney Wade Richey, C. Denton Matthews, Linda Whisenhunt, Skip Goldsmith, | ) | |
| Defendants. | ) | |

Plaintiff, who is proceeding *pro se* in this action, is currently incarcerated at Kershaw Correctional Institution. Plaintiff has alleged claims of violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983, and violations of state law.

Before the court are the following motions: (1) Defendant Ratigan's Motion for Summary Judgment [Entry #42]; (2) Defendants Matthews and Whisenhunt's Motion to Stay Discovery [Entry #44]; (3) Defendants Matthews and Whisenhunt's Motion for Summary Judgment/Dismissal [Entry #56]; (4) Defendant Richey's Motion for Summary Judgment [Entry #57]; (5) Plaintiff's Motion to Stay [Entry #59]; (6) Plaintiff's Motion for Default Judgment as to Defendant Richey [Entry #66]; (7) Plaintiff's Motion to Dismiss [Entry #67]; (8) Plaintiff's Motion to Clarify and Verify Motion to Dismiss [Entry #79]; and (9) Motion for Preliminary Injunction [Entry #81].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions for

summary judgment are dispositive motions, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

Plaintiff filed his complaint in this action on March 18, 2009. The district judge dismissed most of Plaintiff's claims, but remanded the matter to the magistrate judge for further proceedings against Defendants Ratigan, Matthews, and Whisenhunt in their individual capacities and against Defendants Goldsmith and Richey for state law claims. [Entry #14]. Defendants filed motions for summary judgment as listed above. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' Motions. [Entry #43 and #58]. Plaintiff filed responses in opposition to Defendants' Motions. [Entry #60 and #61]. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motions for summary judgment be granted, rendering the remaining motions moot.

The facts in this matter are not in dispute. The matter arises out of Plaintiff's arrest and subsequent sentence for grand larceny and credit card fraud. Defendant Whisenhunt prosecuted the case, although Defendant Matthews was the solicitor representing the State at the sentencing hearing. Plaintiff, who was represented by Defendant Goldsmith, eventually pled guilty to both crimes, admitting that he had stolen property from the home of an elderly woman and that he had separately purchased items with another person's credit card without consent.

At the sentencing hearing for both charges, the Honorable John Few, then a circuit judge, sentenced Plaintiff to four years in prison. However, Judge Few gave Plaintiff the four-year sentence for the credit card fraud crime based on the mistaken belief that the crime carried at least a four-year maximum. (*See* Sentencing Sheet at Entry #56-3). In fact, the credit card fraud charge carried a maximum sentence of one year. S.C. Code Ann. § 16-14-60(a) (1976). The other crime, grand larceny, carried a five-year maximum sentence, S.C. Code Ann. § 16-13-30(B)(1) (1976), but Judge Few gave Plaintiff a suspended sentence for that charge.

While in jail, Plaintiff sent Solicitor Whisenhunt a letter, explaining that he thought the judge had made an error with his credit card fraud sentence. (Whisenhunt Aff. at Entry #56-2). Because Whisenhunt represented the State, she felt it was inappropriate to speak with Plaintiff or respond to his letter, and instead sent the letter to Defendant Goldsmith to allow him to address his client's concerns. *Id.*

On or about December 26, 2007, Plaintiff filed a petition for post conviction relief ("PCR") alleging he received ineffective assistance of counsel from Defendant Goldsmith and that he was improperly sentenced by Judge Few with respect to the fraud charge. Defendant Ratigan from the South Carolina Attorney General's Office responded to the PCR petition on behalf of the State. On or about March 3, 2009, Defendant Richey was appointed to represent Plaintiff on his PCR petition. (Richey Aff. at #57-2). According to Richey, he realized Plaintiff had been improperly sentenced and therefore prepared a consent order to have the improper sentence vacated (and let the grand larceny suspended

sentence stand), which he forwarded to Whisenhunt and Ratigan for signatures on or about April 28, 2009. (*Id.*) According to Richey, he prepared the consent order because the time frame for a hearing on the PCR petition could take six months to a year, and he believed submitting a consent order vacating the improper sentence was the quickest route to give Plaintiff relief.

According to Defendant Whisenhunt, she recognized that Judge Few had mistakenly sentenced Plaintiff to four years in prison for credit card fraud, but believed that based on all the crimes presented, Judge Few had intended to sentence Plaintiff to four years in prison, not the one-year maximum available for the credit card fraud crime. (Whisenhunt Aff. at Entry #56-2). Therefore, Whisenhunt was unwilling to consent to an order that let the grand larceny suspended sentence stand.

Thereafter, Richey prepared a new consent order without Whisenhunt's signature, which was forwarded to Judge Few after Richey and Ratigan signed it. On or about May 22, 2008, Judge Few signed the order vacating the prior sentence as it relates to the improper sentence. Plaintiff was brought before the court on August 25, 2008, for re-sentencing on the improper indictment. Judge Edward W. Miller sentenced Plaintiff to time served on the improper sentence indictment. After the court issued the new sentence, the Department of Corrections released Plaintiff. Plaintiff's PCR petition was subsequently dismissed as moot. Approximately one month after Plaintiff's release, police arrested Plaintiff for a new crime, and Plaintiff continues to remain in custody for those charges.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing that there is a genuine issue for trial. The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become

immaterial because there can be no genuine issue of material fact. In the *Celotex* case, the court held that defendants were entitled to judgment as a matter of law under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322–323.

III.   Analysis

    A.   Claims against Defendants Ratigan, Matthews, and Whisenhunt

Plaintiff's pending claims against Defendants Ratigan, Matthews, and Whisenhunt ("State Defendants") are in their individual capacities. Defendants argue that they are immune from suit related to their prosecutorial functions, whether sued in their individual or official capacities, based on absolute prosecutorial immunity. The undersigned agrees.

The law is clear that these Defendants enjoy absolute prosecutorial immunity from claims brought pursuant to 42 U.S.C. § 1983. *Imbler v. Patchman*, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). The *Imbler* Court acknowledged the broadness of its holding as follows:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice. With the issue thus framed, we find ourselves in agreement with Judge Learned Hand, who wrote of the prosecutor's immunity from actions for malicious prosecution:

> "As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Gregoire v. Biddle*, 177 F.2d 579, 581 (2nd Cir. 1949), *cert. denied*, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).

*Imbler* at 427–428. However, in delineating the boundaries of its holding, the *Imbler* Court distinguished between the absolute immunity a prosecutor enjoys in activities "intimately associated with the judicial phase of the criminal process" and the good-faith defense prosecutors have when engaging in certain investigative activities. *Id.* at 430.

In the case at hand, Plaintiff's claims of harm by Defendants Ratigan, Matthews, and Whisenhunt all were undisputably within their activities associated with the judicial process.[1] Therefore, because *Imbler* is clear that prosecutors such as Defendants Ratigan, Matthews, and Whisenhunt enjoy an absolute immunity, Plaintiff's claims against these Defendants must be dismissed.

B.   State Law Claims

Having found that the State Defendants are entitled to summary judgment regarding Plaintiff's remaining constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief asserted against Defendants Goldsmith and Richey pursuant to state law. *See* 28 U.S.C. § 1367(c).

---

[1] To the extent, Plaintiff's claims against Defendants Ratigan, Matthews, and Whisenhunt are alleged to be unrelated to their prosecutorial positions, Plaintiff has failed to state such a claim, as he has alleged no facts involving these Defendants outside of the prosecutorial context

IV.     Conclusion

For the reasons discussed above, it is recommended that Defendants' Motions for Summary Judgment [Entries #42, 56, and 57] be granted and this case be dismissed in its entirety. If the district judge accepts this recommendation, the remaining motions will be moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 4, 2010　　　　　　　　　　　　　　Shiva V. Hodges
Florence, South Carolina　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**